(18 Misc. Rep. 112.)

### SPENCER v. STEVENS et al.

(Supreme Court, Special Term, Oneida County. September, 1896.)

1. COVENANTS—RUNNING WITH LAND—RESTRICTING USE.

Plaintiff conveyed to various persons portions of a tract of land used as a summer resort. The deeds contained a clause "that no intoxicating liquors of any kind shall ever be sold upon the above-described premises." *Held* a covenant running with the land.

2. SAME—NOTICE—RECORD OF DEED.

The record of a deed containing a covenant restricting its use is notice of such restriction to subsequent purchasers.

Action by James D. Spencer against Ella T. Stevens, C. Welthena Stevens, and Frank D. Secor, to enjoin defendants from selling liquor on premises in violation of a covenant in a conveyance thereof from plaintiff to defendants' grantor. Judgment for plaintiff.

T. A. Deveraux, for plaintiff.

Edwin J. Brown, for defendants.

WRIGHT, J. The plaintiff is, and has been for many years, the owner of a tract of land bordering on Oneida lake, used as a summer resort. From time to time he has sold and conveyed lots to different purchasers. As the evidence shows, 53 of these conveyances of land, adjoining and in the immediate vicinity of the premises in question, have contained restrictive clauses, some of them forbidding the sale of liquor, and others forbidding that the property should be used for any purpose except for private residences. It is apparent, therefore, that it was the intention of the plaintiff and these numerous grantees to create a summer resort freed from the nuisance usually attending the sale of liquor in proximity to residences. Some of these conveyances were made before, and some after, the deed to defendants' grantor. The deed from plaintiff to defendants' grantor contained this clause:

"This agreement is made upon the express agreement, by and between the above-named parties, that no intoxicating liquors of any kind shall ever be sold upon the above-described premises."

Defendants' grantor held the title to the premises in question for a number of years, and occupied the property, and complied with this restriction. She then sold the premises to two of the defendants, Ella T. Stevens and C. Welthena Stevens, who leased the premises to the third defendant, Frank D. Secor, who sold liquor thereon. The deed from defendants' grantor, Mary R. Stevens, to the defendants Ella T. Stevens and C. Welthena Stevens, and the lease from these two defendants to the defendant Secor, contained no clause

referring to the sale of liquor. The plaintiff still owns a large tract of land in the immediate vicinity of the premises in question.

In view of all the circumstances surrounding this transaction, it is clear that it was the intention of the parties to create a covenant running with the land, at the time the deed from plaintiff to defendants' grantor, Mary R. Stevens, was given; and the foregoing clause in that deed should be so construed and enforced. Post v. Weil, 115 N. Y. 361, 22 N. E. 145; Raynor v. Lyon, 46 Hun, 227. Even were it not a covenant running with the land, but a simple contract only, the defendants, having record notice, are bound by it; the deed from plaintiff to defendants' grantor having been recorded the day after it was given. Hodge v. Sloan, 107 N. Y. 244, 17 N. E. 335; Lewis v. Gollner, 129 N. Y. 227, 29 N. E. 81; Phœnix Ins. Co. v. Continental Ins. Co., 87 N. Y. 400.

The defendants further contend that defendants' grantor, Mary R. Stevens, is a necessary party to the action; but, as they have not taken that objection by demurrer or answer, it is waived. Code Civ. Proc. § 499.

The plaintiff is entitled to a permanent injunction, restraining the defendants, and each of them, etc., from selling liquor on the premises in question, and an order may be prepared accordingly, granting the plaintiff such relief, together with his costs and disbursements.